UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL A. MARTINEZ,<br><br>    Plaintiff,<br><br>    vs.<br><br>CALAVERAS COUNTY SHERIFF'S JAIL, et al.,<br><br>    Defendants. | 1:15-cv-00887-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF FOR LACK OF JURISDICTION, WITHOUT PREJUDICE<br>(Doc. 7.) |

**I.    BACKGROUND**

Paul A. Martinez ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this case on June 11, 2015. (Doc. 1.) On June 18, 2015, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (Doc. 4.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

On July 21, 2015, Plaintiff filed a motion for preliminary injunctive relief. (Doc. 7.)

## II. PRELIMINARY INJUNCTIVE RELIEF

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court*." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

**Discussion**

Plaintiff requests an order requiring defendants Ballard, Bailey, Oldham, Andrews, and Quenzer to provide him with mental health treatment for a sleep disorder. Because none of the defendants have been served or appeared in this action, the Court does not have jurisdiction at this stage of the proceedings to issue an order requiring them to act. Therefore, Plaintiff's

///

motion shall be denied, without prejudice to renewal of the motion at a later stage of the proceedings.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for preliminary injunction, filed on July 21, 2015, is DENIED for lack of jurisdiction, without prejudice.

IT IS SO ORDERED.

Dated:  **July 22, 2015**                    **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE