UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL A. MARTINEZ,<br><br>                Plaintiff,<br><br>        v.<br><br>CALAVERAS COUNTY SHERIFF'S JAIL, et al.,<br><br>                Defendants. | 1:15-cv-00887-EPG-PC<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 1.)<br><br>THIRTY DAY DEADLINE TO FILE AMENDED COMPLAINT |

**I.    BACKGROUND**

Plaintiff Paul A. Martinez ("Plaintiff") is proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on June 11, 2015. (ECF No. 1.) In Plaintiff's Complaint, Plaintiff claims that he is not receiving mental health care from the Calaveras County Jail.

On June 18, 2015, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (ECF No. 4.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

This Court has screened Plaintiff's Complaint and finds that the facts alleged are not sufficient to state a cognizable constitutional claim as to any defendants. Plaintiff's complaint does not describe Plaintiff's condition in a way for the Court to determine that Plaintiff has a

serious medical condition. Plaintiff does not describe the care he needs and how it would assist that medical condition. Plaintiff also does not describe what individuals did or said at the jail in a way that allows the Court to determine if the reason defendants failed to provide the care was because of deliberate indifference to Plaintiff's serious medical needs. Indeed, Plaintiff does not describe how the defendants are connected to his claim. While Plaintiff's allegations are troubling, even if they are true they do they do not show a violation of the constitution.

This order provides an explanation of the relevant law to inform Plaintiff should he decide to file an amended complaint. Plaintiff may file an amended complaint attempting to state a claim within thirty days from the date of service of this order.

## II.     SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678. While factual allegations are accepted as true, legal conclusions are not. Id.

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations to state a plausible claim for relief. Id. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

### III. SUMMARY OF COMPLAINT

Plaintiff alleges that while at Calaveras County Jail, he asked for help many times for his sleep disorder and was refused help for five months. He lists many dates that he asked for help. He asks for an apology and also for his release to mental health care with no probation in order to get the help he has been asking for.

Although Plaintiff states that he requested treatment for sleep disorder, he also lists other disorders including bipolar disorder, depression, post-traumatic stress disorder, substance use disorder, poly substance dependence; substance induced psychotic disorder, personality disorder, anti-social personality disorder. It is not clear if he requested help for these disorders as well.

Plaintiff also states that he was told he would have to have 80 dollars in his books in order to get certain help.

### IV. ANALYSIS OF PLAINTIFF'S CLAIMS

#### A. Legal Standards

Section 1983 provides a cause of action against any person who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws. . . ." 42 U.S.C. § 1983. "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). "In a § 1983 action, the plaintiff must also demonstrate that the defendant's conduct was the actionable cause of the claimed injury. To meet this causation requirement, the plaintiff must establish both causation-in-fact and proximate causation." Harper v. City of L.A., 533 F.3d 1010, 1026

(9th Cir. 2008) (internal citations omitted).  Proximate cause requires "'some direct relation between the injury asserted and the injurious conduct alleged.'"  Hemi Group, LLC v. City of New York, 559 U.S. 1, 130 (2010) (quoting Holmes v. Secs. Investor Prot. Corp., 503 U.S. 258, 268 (1992)).

To maintain an Eighth Amendment claim based on inadequate mental health care, Plaintiff must allege facts showing defendants acted with deliberate indifference to serious mental health needs.  See Estelle v. Gamble, 429 U.S. 97 (1976); Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994) ("deliberate indifference" standard also applies in cases involving the adequacy of mental health care in prisons).  In the Ninth Circuit, a deliberate indifference claim has two components:

> First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. This second prong – defendant's response to the need was deliberately indifferent – is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." (internal citations omitted)

Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  See also Austin v. Terhune, 367 F.3d 1167, 1172 (9th Cir. 2004) ("To demonstrate that a prison official was deliberately indifferent to an inmate's serious mental health needs, the prisoner must show that 'the official [knew] of and disregard[ed] an excessive risk to inmate health'.") (quoting Farmer v. Brennan, 511 U.S. 825, 838 (1994)).

Plaintiff is cautioned that, in applying the deliberate indifference standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). In addition, mere differences of opinion between a prisoner and prison medical staff as to the proper course of treatment for a

medical condition do not give rise to a § 1983 claim. See Snow v. McDaniel, 681 F.3d 978, 988 (9th Cir. 2012); Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

Finally, delays in providing medical care may manifest deliberate indifference. See Estelle, 429 U.S. at 104-05. To establish a deliberate indifference claim arising from a delay in providing medical care, however, a plaintiff must allege facts showing that the delay was harmful. See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett, 439 F.3d at 1096.

The Court notes that the legal standard for deliberate indifference is somewhat different for pretrial detainees (as opposed to a prisoner who has already been convicted). "Inmates who sue prison officials for injuries suffered while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause or, if not yet convicted, under the Fourteenth Amendment's Due Process Clause." Castro v. Cty. of Los Angeles, No. 12-56829, 2016 WL 4268955, at *4 (9th Cir. Aug. 15, 2016). "[U]nder the Eighth Amendment, a prison official cannot be found liable under the Cruel and Unusual Punishment Clause Unusual Punishment Clause for denying an inmate humane conditions of confinement 'unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.' Id. at *4 (quoting Farmer v. Brennan, 511 U.S. 825, 833, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)). Under the Fourteenth Amendment, courts look to see whether the defendant's conduct is "objectively unreasonable." Id. at *7.

**B.     Analysis of Plaintiff's Claims in Light of Legal Standards**

Plaintiff alleges that he asked for help for a sleep disorder and was not given care.

While certainly troubling, this allegation alone is not sufficient to state a claim for a violation of Plaintiff's constitutional rights under the law cited above.

Plaintiff does not allege enough about his sleep disorder to assess whether he has a serious medical need. If Plaintiff chooses to amend his complaint, he should explain what the sleep disorder causes him to experience (or experienced), as well as the effects of the sleep disorder.

Plaintiff also does not describe what care he required and how failing to get that care resulted in medical harm. In other words, what help did he request and how did the failure to get that help cause Plaintiff harm. Plaintiff does not describe an available treatment that would have helped his sleep disorder.

Plaintiff also does not describe what each individual defendant did in connection with denying him care. Plaintiff lists a number of individuals without any description of what they did or failed to do that violated Plaintiff's constitutional rights.

Finally, Plaintiff does not describe facts indicating that the individuals failed to act because they knew of a serious risk to Plaintiff's health and intentionally disregarded that risk. The Court cannot determine based on the facts that are alleged now whether Plaintiff is complaining of a situation of negligence or medical malpractice, rather than constitutional deliberate indifference as described in the law cited above.

The Court is sympathetic to the difficulties Plaintiff is facing, and the frustrations of asking for help and not receiving it. That said, Plaintiff's Complaint does not provide sufficient facts for the Court to find that, if all Plaintiff says is true, Plaintiff has suffered a violation of his Eighth Amendment or Fourteenth Amendment constitutional rights.[1]

## V.     CONCLUSION

The Court finds that Plaintiff's Complaint fails to state any cognizable claim upon which relief may be granted under § 1983. Under Rule 15(a) of the Federal Rules of Civil

---

[1] Plaintiff has not specified whether he has already been convicted or whether he is a pretrial detainee, so it is impossible for the Court to determine which standard should apply. However, Plaintiff's Complaint fails under both standards.

Procedure, "leave to amend shall be freely given when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file an amended complaint within thirty days from the date of service of this order if he chooses to do so.

The amended complaint must allege constitutional violations under the law as discussed above. Specifically, Plaintiff must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 678; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676. Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of his rights by acting with deliberate indifference to Plaintiff's health or safety, which is sufficiently serious. Jones, 297 F.3d at 934 (emphasis added).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superseded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Plaintiff is further advised that if he chooses to file an amended complaint he should specify whether he is a pretrial detainee or if he has already been convicted.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff may file a First Amended Complaint curing the deficiencies identified

        by the Court in this order if he believes additional true factual allegations would state a claim, within **thirty (30) days** from the date of service of this order;

3. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:15-cv-00887-EPG; and

4. If Plaintiff fails to file an amended complaint within 30 days, the Court will dismiss the case for failure to state a claim and failure to comply with a Court order.

IT IS SO ORDERED.

Dated:  **October 3, 2016**          /s/ Erica P. Grosjean
                                                      UNITED STATES MAGISTRATE JUDGE