UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL A. MARTINEZ,<br><br>            Plaintiff,<br><br>        v.<br><br>CALAVERAS COUNTY SHERIFF'S JAIL, et al.,<br><br>            Defendants. | 1:15-cv-00887-EPG (PC)<br><br>ORDER FOR PLAINTIFF TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO STATE A CLAIM AND FAILURE TO COMPLY WITH A COURT ORDER<br>(ECF NO. 12)<br><br>THIRTY DAY DEADLINE |

Paul Martinez ("Plaintiff") is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on June 11, 2015.  (ECF No. 1).  On October 3, 2016, the Court directed Plaintiff to file an amended complaint within 30 days from the date of service of the order.  (ECF No. 12).  The Court also notified Plaintiff that failure to file an amended complaint in compliance with the order would result in dismissal of the case for failure to state a claim and failure to comply with a court order.  (Id. at p. 8).  The time period has expired, and Plaintiff has not filed an amended complaint.  Therefore, Plaintiff will be ordered to show cause why the case should not be dismissed for failure to state a claim and for failure to comply with a court order.

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the

public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)). While it has only been approximately forty-five days since Plaintiff was ordered to file an amended complaint, the case has been pending since June of 2015, and there is no operative complaint in this case.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Pagtalunan, 291 F.3d at 642 (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to filed an amended complaint that is causing delay. The case is now over a year old and there is no operative complaint. The case is now stalled until Plaintiff files an amended complaint. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Monetary sanctions are of little use, considering Plaintiff's incarceration and *in forma pauperis* status, and given the stage of these proceedings, the preclusion of evidence or witnesses is not available. While dismissal is a harsh sanction, Plaintiff's complaint has already been dismissed (with leave to amend) for failure to state a claim and there is no operative complaint.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. Id. at 643.

\\\
\\\
\\\
\\\
\\\

Accordingly, based on the foregoing, it is HEREBY ORDERED that within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why the case should not be dismissed for failure to state a claim and failure to comply with a court order.  **Failure to respond will result in dismissal of the case.**

IT IS SO ORDERED.

Dated:     **November 16, 2016**                    /s/ Erica P. Grosjean
                                                                            UNITED STATES MAGISTRATE JUDGE