UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL A. MARTINEZ,<br><br>    Plaintiff,<br><br>  v.<br><br>CALAVERAS COUNTY SHERIFF'S JAIL, et al.,<br><br>    Defendants. | 1:15-cv-00887-EPG (PC)<br><br>ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM AND FAILURE TO COMPLY WITH COURT ORDERS<br>(ECF NO. 13)<br><br>ORDER THAT DISMISSAL IS SUBJECT TO 28 U.S.C. § 1915(g)<br><br>ORDER FOR CLERK TO CLOSE CASE |

    Paul Martinez ("Plaintiff") is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.[1]  Plaintiff filed the Complaint commencing this action on June 11, 2015. (ECF No. 1).  On October 3, 2016, the Court dismissed Plaintiff's Complaint for failure to state a claim, and directed Plaintiff to file an amended complaint within 30 days from the date of service of the order.  (ECF No. 12).  The Court also notified Plaintiff that failure to file an amended complaint in compliance with the order would result in dismissal of the case for failure to state a claim and failure to comply with a court order.  (Id. at p. 8).

    The time period expired, and Plaintiff did not file an amended complaint.  Accordingly, the Court issued an order to show cause, directing Plaintiff to show cause why the case should

---

[1] On June 18, 2015, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c) (ECF No. 4), and no other parties have made an appearance.  Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

not be dismissed for failure to state a claim and for failure to comply with a court order. (ECF No. 13). That order was returned as undeliverable. Plaintiff was given until February 6, 2017, to file a notice of change of address.

Plaintiff failed to respond to the order to show cause and failed to update his address. Accordingly, Plaintiff's case will be dismissed for failure to state a claim and failure to comply with court orders (Plaintiff failed to respond to the screening order (ECF No. 12) and the order to show cause (ECF No. 13)).[2]

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" Id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)). It has been over four months since Plaintiff was ordered to file an amended complaint, the case has been pending since June of 2015, and there is no operative complaint in this case. Accordingly, this factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Pagtalunan, 291 F.3d at 642 (citing Yourish v. California Amplifier, 191 F.3d 983, 991 (9th Cir. 1999)). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id. at 643, and it is Plaintiff's failure to file an amended complaint that is causing delay. The case is over a year and a half old and there is no operative complaint. The case is now stalled until Plaintiff files an amended complaint. Therefore, the third factor weighs in favor of dismissal.

---

[2] Additionally, Plaintiff failed to keep the Court informed of his current address, which is another reason this case could be dismissed. (ECF No. 3, p. 5; Local Rule 182(f)).

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  Monetary sanctions are of little use, considering Plaintiff's incarceration and *in forma pauperis* status, and given the stage of these proceedings, the preclusion of evidence or witnesses is not available.  While dismissal is a harsh sanction, Plaintiff's complaint has already been dismissed for failure to state a claim and there is no operative complaint.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal.  Id. at 643.

After weighing the factors, the Court finds that dismissal is appropriate.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B)(ii) this action is DISMISSED based on Plaintiff's failure to state a claim upon which relief may be granted under § 1983, as well as Plaintiff's failure to comply with Court orders;
2. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).  Coleman v. Tollefson, 135 S. Ct. 1759, 1763 (2015); and
3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **February 13, 2017**           /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE